UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOYCE A. GULLEY,

Plaintiff,  Case No. 09-cv-13391

v.  Honorable John Corbett O'Meara

OAKLAND COUNTY,

Defendant.

_____/

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
DENYING AS MOOT PLAINTIFF'S MOTION TO EXTEND DISCOVERY**

This matter came before the court on defendant Oakland County's June 18, 2010 motion for summary judgment and plaintiff Joyce Gulley's June 18, 2010 motion to *inter alia* extend discovery. Plaintiff filed a response to the motion for summary judgment July 6, 2010; and Defendant filed a reply on July 27, 2010. Oral argument was heard August 19, 2010. For the reasons discussed herein, Defendant's motion for summary judgment will be granted.

**BACKGROUND FACTS**

Plaintiff Joyce Gulley, a 57 year old, African American female, was hired by the Oakland County Medical Examiner's Office on November 29, 1999, as a Family Service Counselor ("FSC"), one of three FSC positions newly created with the help of grant funding. When grant funding was lost October 31, 2001, defendant Oakland County reduced the FSC positions to one, to be financed from the general fund. Plaintiff was given the remaining FSC position, which she held from November 1, 2001, to March 27, 2009.

In March 2009, defendant Oakland County faced a budget shortage. The Medical Examiner's Office was tasked with determining ways to reduce its budget. One of the recommendations included eliminating the general fund FSC position, as well as eliminating a Forensic Toxicology Chemist position and eliminating benefits for five other employees. Defendant adopted this recommendation. Human Resources notified Plaintiff in a meeting on March 3, 2009, of the planned elimination of her position effective March 27, 2009. Plaintiff was also told at this meeting that she could transfer into another position at the Veterans' Services Department in Oakland County.

At that time, Plaintiff indicated that she would like to "bump" into a Medical Examiner Investigator ("MEI") position, pursuant to the Oakland County Merit System, which allows more senior employees to replace employees with less seniority, provided the more senior employee is qualified for the position. Human Resources agreed to look into Plaintiff's qualifications for a MEI position based on her current job description and personnel file. Human Resources also asked Plaintiff to provide any information on experience outside her employment with Oakland County; however, Plaintiff failed to do so.

Human Resources subsequently informed Plaintiff that based on the materials they reviewed, she was not qualified for a MEI position but that she could obtain a statement from her supervisor that she had been performing the duties of a MEI. Plaintiff failed to obtain such a statement. Plaintiff did contact Dr. Dragovic, one her of her supervisors, but Plaintiff never followed up on his suggestion to arrange a meeting to discuss her qualifications.

Plaintiff began the transfer process into the position offered to her in the Veterans' Services Department on March 26, 2009, but revoked her transfer and filed a complaint with the

Equal Employment Opportunity Commission on March 30, 2009. Plaintiff then withdrew the charge and obtained a right to sue letter.

Plaintiff, a 57 year old, African American female, filed suit for age, race, and gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, regarding her termination and her non-selection for a position.

## **LAW AND ANALYSIS**

Plaintiff first claims that she was discriminated against based on her race, sex, and age in the decision to eliminate the FSC position because other budget cut recommendations could have been chosen that did not affect only women and minorities.

A claim for employment discrimination for termination under Title VII of the Civil Rights Act of 1964 requires the claimant to provide direct evidence of discrimination or circumstantial evidence through a *prima facie* case. Mitchell v. Toledo Hosp., 964 F.2d 577, 582 (6th Cir. 1992). The *prima facie* case requires the establishment of four elements by the plaintiff: 1) that she was a member of a protected class; 2) that she was discharged; 3) that she was qualified for the position; and 4) that she was replaced by someone outside the protected class. McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); see Allen v. Highlands Hosp. Corp., 545 F.3d 387, 394 (6th Cir. 2008). If the position was eliminated as part of a workforce reduction, the United States Court of Appeals for the Sixth Circuit has held that the appropriate inquiry for element four of the *prima facie* case is whether she has provided "additional direct, circumstantial, or statistical evidence tending to indicate that the employer singled out the plaintiff for discharge for impermissible reasons." Barnes v. GenCorp, 896 F.2d 1457, 1465 (6th Cir. 1990).

3

If the plaintiff has made a *prima facie* case, the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 252 (1981) (citations omitted). If the defendant provides such a reason, the burden then shifts to the plaintiff to prove that the legitimate reason offered by the defendant was merely pretext for discrimination. Id. The plaintiff may demonstrate the defendant's given reason is pretextual by showing it has no factual basis, did not actually motivate the defendant's conduct, or was insufficient to warrant the conduct. Johnson v. Kroger Co., 319 F.3d 858 (6th Cir. 2003). However, a plaintiff must do more than just assert the illegitimacy of the employer's reason; rather, the plaintiff must introduce evidence to "show that the proffered reason was not the true reason for the employment decision." St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 508 (1993).

Plaintiff has not made a *prima facie* case for discrimination. Although the first three elements of the *prima facie* case are satisfied, Plaintiff has not provided evidence on which a jury could reasonably rely to find that she was discharged for discriminatory or impermissible reasons. The business decision of the Defendant to eliminate the FSC position held by Plaintiff should not be questioned by the court in the absence of evidence of an impermissible motive, even if it was not the most cost effective decision. In Norbuta v. Loctite Corp., 1 Fed. Appx. 305, 314-15 (6th Cir. 2001), the Sixth Circuit held that

> it is not the prerogative of the courts to engage in the post-hoc management of the employer's internal affairs by second-guessing how personnel could have been more equitably allotted, or cost-savings better realized. . . . [Plaintiff] must provide evidence not that [defendant] could have made a business decision that others might think more fair, but that [defendant] made the decision to terminate [the employee] because of his membership in a protected class.

4

Plaintiff supports her discrimination in termination claim solely by listing other cost reduction steps Defendant could have taken, but Norbuta holds this is not evidence of discrimination. Moreover, Defendant offered Plaintiff a position in a different Oakland County department, further indicating Plaintiff's termination was not discriminatory.

Even if Plaintiff had made a *prima facie* case, Defendant has met its burden to provide a legitimate reason for Plaintiff's termination. Plaintiff does not offer any evidence to show that Defendant's proffered reason for the elimination of her position, a workforce reduction, is merely pretext. Thus, Defendant is entitled to summary judgment on this claim.

Plaintiff also claims that she was discriminated against based on her race, sex, and age by not being allowed to "bump into" a MEI position. Plaintiff contends that a white MEI who did not have the minimum qualifications for the position and with less seniority than Plaintiff was given preferential treatment.

If the employment discrimination claim is for non-selection for a position, to make a *prima facie* case, the plaintiff must show (1) that she is a member of a protected class; (2) that she applied for, and did not receive, a job; (3) that she was qualified for the job; and (4) that a similarly-situated person who was not in the plaintiff's protected class received the job. Seay v. TVA, 339 F.3d 454 (6th Cir. 2003); see, e.g., Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248 (1981).

Plaintiff has not made a *prima facie* case for discrimination in non-selection because Plaintiff has not shown that she was qualified for the job. Defendant determined that Plaintiff did not meet the minimum qualifications for a MEI position based on her personnel file and description of her current job. Defendant informed Plaintiff of this determination and gave her the opportunity to submit any additional qualifications or experiences or obtain a statement from

5

her supervisor stating she had been performing the tasks of a MEI in her current position. Plaintiff did not supply any additional information to Defendant. Although Plaintiff gives a laundry list of qualifications and accomplishments in her brief that she claims qualify her to be a MEI, she did not supply them to her employer at the time she applied for a MEI job.

Furthermore, Plaintiff did not provide any evidence to suggest that she was singled out for her age, race, and sex. Although a white female MEI who was deposed by Plaintiff in this case admitted she lacked the minimum qualifications and falsified her employment application, this does not establish discrimination. That MEI was hired years before Plaintiff's request to bump into a MEI position. Defendant contends it did not know at the time of Plaintiff's non-selection for a MEI position of that MEI's misrepresentations on her employment application, and Plaintiff does not present any evidence suggesting otherwise.

Even if Plaintiff had made a *prima facie* case, Defendant has met its burden to provide a legitimate reason for her non-selection, i.e. her non-qualification. Plaintiff's lack of evidence of discrimination indicates she has not met her burden to show Defendant's reason is merely pretext for discrimination. Thus, Defendant is entitled to summary judgment on this claim.

Plaintiff has not created a genuine issue of fact material as to any of her discrimination claims. Specifically, she has not provided any evidence upon which a jury could reasonably rely to find that she was singled out for her age, race, or sex for termination or non-selection for a MEI position.

# **ORDER**

It is hereby **ORDERED** that Defendant's June 18, 2010 motion for summary judgment is **GRANTED.**

It is further **ORDERED** that Plaintiff's June 18, 2010 motion to extend discovery is **DENIED AS MOOT.**


Date: August 27, 2010                     s/John Corbett O'Meara
                                          United States District Judge



I hereby certify that a copy of the above order was served upon counsel of record on this date, August 27, 2010 using the ECF system.


                                          s/William Barkholz
                                          Case Manager